UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN D. GASPERSON; EDITH C.
GASPERSON, individually and on
behalf of all others similarly
situated,
<u>Plaintiffs-Appellants,</u>

v.

SPRINT COMMUNICATIONS COMPANY
L.P.; NORFOLK SOUTHERN RAILWAY
COMPANY,
<u>Defendants-Appellees.</u>

No. 96-1940

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-95-208)

Argued: October 31, 1997

Decided: December 16, 1997

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Allan Ray Tarleton, VAN WINKLE, BUCK, WALL,
STARNES & DAVIS, P.A., Asheville, North Carolina, for Appel-
lants. J. Emmett Logan, MORRISON & HECKER, Kansas City, Mis-

souri; Reid L. Phillips, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina, for Appellees. **ON BRIEF:** Marvin K. Blount, Jr., Greenville, North Carolina, for Appellants. Frank P. Graham, ROBERTS & STEVENS, P.A., Asheville, North Carolina, for Appellee Sprint. Robert A. Singer, James R. Saintsing, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina, for Appellee Norfolk Southern.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal is from the district court's orders dismissing appellants John and Edith Gasperson's (the Gaspersons) claims of violations under the Racketeer Influenced and Corrupt Organizations Act (RICO), see 18 U.S.C. §§ 1961-1968, and for conversion under North Carolina common law and granting summary judgment in favor of appellees Sprint Communications Co., L.P. (Sprint) and Norfolk Southern Railway Company (Norfolk Southern) as to the Gaspersons' trespass claim. In 1987, Sprint and Norfolk Southern entered into a license agreement, under which Sprint was granted a non-exclusive right to use a right-of-way owned by Norfolk Southern, part of which ran through the Gaspersons' property in Buncombe County, North Carolina, for the purpose of installing fiber optic cable and related telecommunications equipment. In the fall of 1987, without the permission or apparent knowledge of the Gaspersons, Sprint installed telecommunications equipment on the portion of Norfolk Southern's right-of-way that traversed the Gaspersons' property in Buncombe County. The Gaspersons filed suit, individually and on behalf of similarly situated property owners, on October 6, 1995. In their amended complaint, the Gaspersons asserted causes of action under RICO and for conversion and trespass under North Carolina law.

2

On April 16, 1996, the district court granted Sprint and Norfolk Southern's motions to dismiss the Gaspersons' RICO and conversion claims. See Gasperson v. Sprint Communications Co., L.P., No. 95-CV-208 (W.D.N.C. April 16, 1996). The district court held that the Gaspersons had failed to state a claim upon which relief could be granted under RICO because they had failed to allege a predicate act that was illegal. With respect to the Gaspersons' conversion claim, the district court held that the Gaspersons had failed to allege facts that would support a finding that Sprint or Norfolk Southern had exercised any right of ownership over goods or personal property belonging to the Gaspersons. On June 17, 1996, the district court granted summary judgment in favor of Sprint and Norfolk Southern as to the Gaspersons' trespass claim. See Gasperson v. Sprint Communications Co., L.P., No. 95-CV-208 (W.D.N.C. June 17, 1996). Specifically, the district court held that the applicable three-year statute of limitations, found in § 1-52(17) of the North Carolina General Statutes, barred the Gaspersons' claim of trespass.

We have carefully examined the record, the briefs, the arguments of counsel, and the opinions of the district court. Like the district court, we conclude that the Gaspersons have failed to state causes of action for violations of RICO or for conversion in violation of North Carolina common law. We also agree with the district court that the three-year statute of limitations contained in § 1-52(17) of the North Carolina General Statutes bars the Gaspersons' trespass claims. Accordingly, we affirm on the reasoning of the district court.

AFFIRMED

3